## In the United States District Court
## for the District of Kansas

**United States of America**,
        Plaintiff,

v.                                        Case No. 18-20091-JAR-4

**Crystal Gibson**,
        Defendant.

## Order Reducing Term of Imprisonment to Time Served

This matter is before the Court on Defendant's Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 336) filed on November 24, 2021. The government does not oppose Defendant's request for compassionate release. Because the Defendant has met her burden of establishing that a sentence reduction is warranted under the statute, the motion is granted.

### I.    Background

On July 9, 2019, Ms. Gibson pleaded guilty to conspiracy to possess with intent to distribute and distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1), 21 USC § 841(b)(1)(A) and 21 U.S.C. § 846.[1]  On September 9, 2020, this Court sentenced Ms. Gibson to 18 months in custody followed by two years of supervised release.[2]

---

[1] Doc. 104.
[2] Doc. 245.

On November 24, 2021, Ms. Gibson filed the instant motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[3]

## II.   Legal Standards

The Tenth Circuit has explained that under § 3582(c)(1)(A), a court may grant a motion for a sentence reduction after a defendant has administratively exhausted his claim "if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable" to "determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."[4] Further, the Tenth Circuit ruled that the Sentencing Commission's current policy statement, USSG § 1B1.13, is not applicable to motions filed by defendants, and thus does not bind this Court to considering only the grounds listed in § 1B1.13.[5] The Tenth Circuit made clear that when a defendant files a motion, district courts "have the authority to determine for themselves what constitutes extraordinary and compelling reasons" for a reduction under § 3582(c)(1)(A), without deference to the current inapplicable policy statement.[6]

---

[3] Doc. 336

[4] *United States v. Maumau*, 2021 WL 1217855, at *7 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); see also *United States v. McGee*, 2021 WL 1168980, at *5.

[5] *See McGee*, 2021 WL 1168980, at *12; *see also Maumau*, 2021 WL 1217855, at *11-12

[6] *McGee*, 2021 WL 1168980, at *8; see *Maumau*, 2021 WL 1217855, at *10- 12.

### III.   Discussion

#### A.   Exhaustion

Ms. Gibson properly met the administrative exhaustion requirement here.  On October 1, 2021, Ms. Gibson emailed the Residential Reentry Manager in Kansas City, KS, to request compassionate release.[7]  Similar to the warden at a BOP facility, the RRM for any given region is administratively responsible for inmates in BOP custody who are either on home confinement or housed at a residential reentry facility.  More than 30 days have passed since this documented request.  The government agrees that Defendant's assertion that she has fulfilled this requirement.

#### B.   Extraordinary and Compelling Reasons

Ms. Gibson is the sole caretaker for her adult son who suffers from and receives Social Security Disability payments for schizophrenia, major depression and anxiety.[8]  She assists her son with daily activities and managing medical or therapy appointments.  Occasionally, her son will have episodes that require the Defendant be able to respond quickly to emergency situations, but the conditions of home confinement do not allow her to leave home without permission.  Additionally, the defendant has suffered from depression and anxiety for a decade.  She wishes to begin supervised release immediately so that she can access mental health services with a contracted provider through the U.S. Probation Office (USPO).

The Court has considered the applicable factors set forth in 18 U.S.C.

---

[7] Doc. 336.
[8] Doc. 336-2.

§ 3582(c)(1)(A)(i) to modify 's term of imprisonment to time served.  The Defendant has approximately three months remaining on an 18-month sentence. Extraordinary and compelling reasons exist here to warrant a sentence reduction of three months given Ms. Gibson's family circumstances, her need for mental health treatment, her past performance of pretrial supervision and her limited criminal history.  For these reasons, the Court finds that the Defendant's term of imprisonment is reduced to time served.  A sentence of time-served reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 336) is **GRANTED**.  The Court terminates the remaining term of defendant's imprisonment.

**IT IS FURTHER ORDERED** that Defendant's term of supervised release will begin immediately.  All other terms and conditions previously imposed remain in effect.

**IT IS SO ORDERED**.

Dated this 30th day of November 2021, at Kansas City, Kansas.

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE

4